IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KENNETH ALLEN BALLARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:17cv742-WKW-CSC |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Kenneth Allen Ballard's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Civ. Doc. 1.[1] For the following reasons, the undersigned magistrate judge RECOMMENDS that Ballard's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

### **I.   INTRODUCTION**

**A.   Trial and Appeal**

On October 21, 2010, a jury convicted Ballard of two counts of the knowing distribution of child pornography and one count of the knowing receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). Crim. Doc. 154 at 88. The jury also convicted Ballard of one count of the knowing possession of child pornography, in

---

[1] References to "Civ. Doc." are to the docket entries and documents in this civil action. References to "Crim. Doc." are to the docket entries and documents in the underlying criminal case (Case No. 3:09cr159-WKW-CSC). Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

violation of 18 U.S.C. § 2252A(a)(5)(B).  However, that count (Count 4) was dismissed on the Government's motion before Ballard's sentencing.  Civ. Doc. 13-4.

Ballard's sentencing hearing was held on January 12, 2011.  Civ. Doc. 13-7.  At sentencing, over Ballard's objection, the district court applied U.S.S.G. § 2G2.2(b)(3)(B), which provides for a five-level specific offense characteristic enhancement if the offense involved distribution for the receipt, or expectation of receipt, of a thing of value.  Civ. Doc. 13-7 at 10–14.  The district court sentenced Ballard to 210 months in prison on each count, with all sentences to run concurrently.[2]  *Id.* at 30.  Judgment was entered on January 24, 2011.  Civ. Doc. 13-8.

Ballard appealed, presenting claims that (1) the district court abused its discretion by allowing into evidence every image and a portion of the videos of child pornography charged in the indictment, despite Ballard's stipulation that the pictures and videos were child pornography; (2) the district court erred when it increased Ballard's base offense level by two levels under U.S.S.G. § 2G2.2(b)(6) based on his use of a computer; and (3) the district court imposed a substantively unreasonable sentence by denying in part Ballard's motion for a downward variance.  Civ. Doc. 13-9.  Ballard did not pursue his claim that the district court erred in applying the five-level U.S.S.G. § 2G2.2(b)(3)(B) enhancement.

---

[2] The Probation Office calculated Ballard's Sentencing Guidelines range as 262 months to 327 months' imprisonment, but because the maximum sentence authorized for his offense of conviction was 20 years, the Sentencing Guidelines term of imprisonment was restricted to 240 months.  Civ. Doc. 13-5 at 15, ¶¶ 58-59.  In imposing a sentence of 210 months, the district court varied downward from the applicable Guidelines sentence.  Civ. Doc. 13-7 at 30.

On December 15, 2011, the Eleventh Circuit affirmed Ballard's convictions and sentence. Civ. Doc. 13-10 [*United States v. Ballard*, 448 F. App'x 987 (11th Cir. 2011)]. Ballard did not seek certiorari review with the U.S. Supreme Court.

**B.     Ballard's § 2255 Motion**

Ballard filed this § 2255 motion on October 31, 2017. Civ. Doc. 1. In his motion, Ballard claims he is entitled to retroactive application of the Sentencing Commission's November 2016 clarifying amendment to U.S.S.G. § 2G2.2(b)(3)(B), Amendment 801, which he says makes clear, as he argued at sentencing, that the five-level enhancement based on his "distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," should not have applied in his case. *Id.* According to Ballard, the incorrect application of the § 2G2.2(b)(3)(B) enhancement at his sentencing amounts to a miscarriage of justice requiring that he be resentenced. *Id*. at 21–22.

**C.     Amendment 801**

At the time of Ballard's January 12, 2011 sentencing, § 2G2.2(b)(3)(B) provided for a five-level increase in the offense level when a defendant had engaged in distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain[.]" U.S.S.G. § 2G2.2(b)(3)(B)(2010). This provision was defined in part to include "any transaction," including "bartering or other in-kind transaction" "conducted for a thing of value." U.S.S.G. § 2G2.2, application note 1 (2010). "Thing of value" was defined as "anything of valuable consideration." *Id*. "For example, in a case involving the bartering of child pornographic material, the 'thing of value' is the child

3

pornographic material received in exchange for other child pornographic material bartered in consideration for the material received." *Id*.

In part, Amendment 801 to the Sentencing Guidelines, effective November 1, 2016, amended § 2G2.2(b)(3)(B) so that it now reads: "If the defendant distributed in exchange for any valuable consideration, but not for pecuniary gain, increase by 5 levels." U.S.S.G. § 2G2.2(b)(3)(B)(2016). As explained in the commentary to the Amendment, which quoted commentary in application note 1 to the amended section, the Amendment was enacted to clarify that the five-level increase was only proper in part when "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material[.]" *See* United States Sentencing Guidelines, Supplement to Appendix C, Amendment 801 ("Reason for the Amendment"), p. 145, Nov. 1, 2016. The Sentencing Commission observed that some courts had decided that the five-level increase could be imposed simply because the defendant had knowingly used file-sharing software, which the Commission believed was not sufficient for the five-level increase. *Id.*

    The Commission explained:

    [T]he amendment responds to differences among the circuits in applying the 5-level enhancement for distribution not for pecuniary gain at §2G2.2(b)(3)(B). While courts generally agree that mere use of a file-sharing program or network, without more, is insufficient for application of the 5-level distribution enhancement, the circuits have taken distinct approaches with respect to the circumstances under which the 5-level rather than the 2-level enhancement is appropriate in such circumstances. The Fourth Circuit has held that the 5-level distribution enhancement applies when the defendant (1) "knowingly made child pornography in his possession

available to others by some means"; and (2) did so "for the specific purpose of obtaining something of valuable consideration, such as more pornography." *United States v. McManus,* 734 F.3d 315, 319 (4th Cir. 2013). In contrast, while holding that the 5-level enhancement applies when the defendant knew he was distributing child pornographic material in exchange for a thing of value, the Fifth Circuit has indicated that when the defendant knowingly uses file-sharing software, the requirements for the 5-level enhancement are generally satisfied. *See United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2015).

The amendment revises §2G2.2(b)(3)(B) and commentary to clarify that the 5-level enhancement applies "if the defendant distributed in exchange for any valuable consideration." The amendment further explains in the accompanying application note that this means "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material, preferential access to child pornographic material, or access to a child." The amendment makes parallel changes to the obscenity guideline at §2G3.1, which has a similar tiered distribution enhancement.

Amendment 801 ("Reason for the Amendment"), p. 145.

## II.   DISCUSSION

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). Non-constitutional claims can be raised on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with

5

the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (alteration in original).

**A.    Ballard's Claim Is Barred by the Statute of Limitations.**

A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1)–(4).

Here, Ballard's § 2255 motion is time-barred because it was not filed within one year of when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Eleventh Circuit issued its opinion affirming Ballard's conviction and sentence on December 15, 2011. Civ. Doc. 13-10. A judgment of conviction becomes final for someone who appeals to an appellate court when the time for seeking certiorari review in the Supreme Court expires. *See Close v. United States*, 336 F.3d 1283, 1284–85 (11th Cir. 2003). Ballard had 90 days from the Eleventh Circuit's December 15, 2011 decision in which to file a petition for a writ of certiorari in the United States Supreme Court, and his conviction became final for purpose of § 2255 when that 90 days was ended. *See* Sup.Ct.

6

R. 13(1), (3); *see also Close*, 336 F.3d at 1284–85. His conviction became final, therefore, on March 14, 2012. Under § 2255(f)(1), Ballard had until March 14, 2013—one year later—to file his § 2255 motion in this court. He filed his § 2255 motion on October 31, 2017—over four years after the limitation period in § 2255(f)(1) expired.

Ballard argues that his § 2555 motion is timely because "it is made within one year of the effective date of the clarifying amendment to the guideline . . . and warrants review as a miscarriage of justice in light of the clarifying amendment." Civ. Doc. 1 at 5. Ballard appears to suggest that § 2255(f)(4)—which provides that the limitation period runs for one year from the date on which the facts supporting the claim presented could have been discovered through the exercise of due diligence—provides the statute of limitations for his claim regarding Amendment 801. However, Ballard cites no authority to support the proposition that the effective date of a clarifying amendment to the Sentencing Guidelines, or of Amendment 801 in particular, qualifies as a supporting fact that triggers the statute of limitations for claims seeking its application on collateral review. Nor has this court's own research revealed such authority. *See Madaio v. United States*, 397 F. App'x 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that '*facts* supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." (emphasis in original) (quoting § 2255(f)(4))); *United States v. Harrison*, 680 F. App'x 678, 680 (10th Cir. 2017) ("A change or clarification of controlling law is not a 'fact' within the meaning of § 2255(f)(4)."); *Thomas v. United States*, 2014 WL 4715861, at *4 (N.D. Ala. 2014) ("The limitations period of § 2255(f)(4) is triggered by the actual

7

or imputed discovery of the important facts underlying a claim, not the defendant's recognition of the legal significance of those facts."); *Seals v. United States*, 2009 WL 1108482, at *2 (S.D. Ill. 2009) (stating that a guidelines amendment is not a fact because "[t]he Amendment is not 'subject to proof or disproof'" (citation not provided)).[3]  Thus, § 2255(f)(4) does not provide the statute of limitations for Ballard's claim.

Ballard also argues his claim is subject to equitable tolling.  The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Thomas v. Attorney Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).  The arguments Ballard appears to advance for equitable tolling are indistinguishable from the arguments articulated in favor of § 2255(f)(4).  However, Ballard can cite no authority to support the proposition that a change or amendment to existing sentencing guidelines constitutes an extraordinary circumstance for purposes of equitable tolling of the statute of limitations for a § 2255 motion. *See United States v. Snyder*, 2008 WL 370663, at *2 (N.D. Ind. 2008) ("[The movant] cites no authority, and this court has found none to support the proposition that changes or amendments to existing sentencing guidelines constitutes an extraordinary circumstance thereby justifying equitable tolling of the AEDPA statute of limitations.").  Furthermore, the Eleventh Circuit

---

[3] Nor has Ballard asserted any facts that would implicate 28 U.S.C. § 2255(f)(2) or (f)(3). Specifically, he does not assert that any action by the Government prevented him from making a timely motion, or that the Supreme Court recognized a new right with respect to is argument for relief under Amendment 801 that has been made retroactive on collateral review.

8

has recognized that a purported change in law is not an extraordinary circumstance for equitable tolling purposes. *Bazemore v. United States*, 595 F. App'x 869, 874 (11th Cir. 2014); *Outler v. United States*, 485 F. 3d 1273 (11th Cir. 2007); *see also Alvarez v. Crews*, 2014 WL 29592, at *6 (S.D. Fla. 2014).

The court finds Ballard is not entitled to equitable tolling of the one-year statute of limitations, and his § 2255 motion is time-barred under 28 U.S.C. § 2255(f)(1). *See Doak v. United States*, 2018 WL 5633997, at *1–3 (M.D. Fla. 2018) (finding § 2255 motion raising claim for relief based on Amendment 801 was time-barred pursuant to 28 U.S.C. § 2255(f)(1)).

**B.    Ballard's Claim Fails on the Merits.**

Even if Ballard's claim were not barred by the statute of limitations, it fails on the merits. Because any error in applying the Sentencing Guidelines is a non-constitutional error, a movant will only prevail on this type of claim if he can show that the alleged error amounts to a "complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). Insofar as Amendment 801 is a clarifying amendment effecting no change in the substantive law, Ballard was afforded the opportunity to challenge the application of the § 2G2.2(b)(3)(B) enhancement "at his original sentencing and on direct appeal." *Burke,* 152 F.3d at 1332. At sentencing, Ballard argued against the enhancement. However, he did not pursue the argument on direct appeal. In arguing against the enhancement at sentencing, Ballard maintained that the Government failed to prove, by a preponderance of the evidence, that his distribution of child pornography was done with the specific purpose of obtaining something of valuable consideration from another person.

9

Civ. Doc. 13-7 at 11.  The district court heard argument on this issue, which included the U.S. Attorney's observation that forensic evidence presented at trial reflected that Ballard's Yahoo Messenger messages showed Ballard specifically discussed trading child pornography or child erotica with others on the Yahoo Messenger system.  Civ. Doc. 13-7 at 12-13.  This Yahoo Messenger evidence supports a finding of Ballard's pattern of distribution by trading child pornography, and it is evidence that Ballard intended to receive something of value—other child pornography—by making his child pornography files available for distribution through a file-sharing network.

After hearing arguments by Ballard's trial counsel and the U.S. Attorney, the district court found that the § 2G2.2(b)(3)(B) enhancement was warranted in Ballard's case.  Civ. Doc. 13-7 at 13–14.  There is no evidence that the district court based its finding on a belief that, for the § 2G2.2(b)(3)(B) enhancement to apply, it was unnecessary for the Government to show Ballard's distribution of child pornography was done specifically to obtain something of valuable consideration from another person, or that the district court believed the § 2G2.2(b)(3)(B) enhancement was warranted merely because Ballard had used file-sharing software (LimeWire) to distribute the child pornography.  Moreover, it is not self-evident that the district court would *not* have applied the § 2G2.2(b)(3)(B) enhancement if Amendment 801 had been in effect at the time of Ballard's sentencing.  Ballard had an opportunity to challenge the district court's ruling on direct appeal, but he did not do so.  Under the circumstances, Ballard's present claim amounts to no more than an attempt to relitigate an issue decided adversely to him by the district court, and which Ballard chose to forego on direct appeal.

As indicated above, non-constitutional claims, such as clarifying amendments to the Sentencing Guidelines, "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed*, 512 U.S. at 348). Considering all of the circumstances, the undersigned cannot say that the alleged misapplication of the Sentencing Guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief. *See cf. Burke*, 152 F.3d at 1332 (holding that the decision not to retroactively apply a clarifying amendment to a sentencing guideline that enhanced a § 2255 movant's sentence was not a miscarriage of justice where movant failed to raise the impropriety of the application of the pre-amendment guideline enhancement at sentencing or on direct appeal). Thus, Ballard is entitled to no relief on his claim.

### III.  CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Ballard be DENIED and this case DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 3, 2021. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

    DONE this 17th day of February, 2021.

                                 /s/   Charles S. Coody  
                                 CHARLES S. COODY  
                                 UNITED STATES MAGISTRATE JUDGE