IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

KENNETH ALLEN BALLARD,        )
                              )
    Petitioner,               )
                              )
v.                            )        CASE NO. 3:17-CV-742-WKW
                              )              [WO]
UNITED STATES OF AMERICA,     )
                              )
    Respondent.               )

## MEMORANDUM OPINION AND ORDER

Before the court is the Recommendation of the Magistrate Judge that the court deny Petitioner Kenneth Allen Ballard's 28 U.S.C. § 2255 motion as untimely under 28 U.S.C. § 2255(f)(1) or, alternatively, on the merits. (Doc. # 33.) Mr. Ballard timely filed objections. (Doc. #34.) Based upon a *de novo* review of those portions of the Recommendation to which objection is made, 28 U.S.C. § 636, the court finds that the Recommendation addresses and properly rejects the arguments underlying Mr. Ballard's objections and that the objections lack merit.

## I. BACKGROUND

In January 2011, Mr. Ballard was sentenced to 210 months on his convictions, after a trial by jury, on two counts of knowingly distributing child pornography and on one count of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2). At the sentencing hearing, over his objection, Mr. Ballard received

a five-level enhancement under U.S.S.G. § 2G2.2(b)(3)(B) based on a finding that his offense involved distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." § 2G2.2(b)(3)(B) (2010); *see United States v. Kenneth Allen Ballard*, 3:09cr159-WKW (M.D. Ala. Jan. 24, 2011) (Judgment).[1]

Mr. Ballard appealed.  The three issues he raised on appeal did not include a challenge to the application of the five-level enhancement under § 2G2.2(b)(3)(B). On December 15, 2011, the Eleventh Circuit affirmed the judgment of conviction and sentence.  *See United States v. Ballard*, 448 F. App'x 987 (11th Cir. 2011).  Mr. Ballard did not seek certiorari review in the United States Supreme Court.

In his § 2255 motion, Mr. Ballard claims he is entitled to retroactive application of the Sentencing Commission's November 2016 clarifying amendment to § 2G2.2(b)(3)(B), Amendment 801.  He argues that Amendment 801 solidifies that the facts of his case do not warrant the five-level enhancement.[2]  According to Mr. Ballard, the incorrect application of the § 2G2.2(b)(3)(B) enhancement amounts

---

[1] Mr. Ballard was indicted under his name and three aliases: kenlowes736@yahoo.com; salemcandylicker; and watchoutlittleholesitsbig.

[2] Amendment 801 to the Sentencing Guidelines, effective November 1, 2016, amended § 2G2.2(b)(3)(B).  It clarifies that the five-level increase is warranted where "the defendant agreed to an exchange with another person under which the defendant knowingly distributed to that other person for the specific purpose of obtaining something of valuable consideration from that other person, such as other child pornographic material."  *See* U.S. Sentencing Guidelines Manual, app. C, amend. 801 (Nov. 1, 2016).

to a miscarriage of justice and requires that he be resentenced. Based on Amendment 801, Mr. Ballard objects to the Magistrate Judge's Recommendation that his motion is untimely under 28 U.S.C. § 2255(f)(1) and, alternatively, lacks merit. The objections are due to be overruled.

## II. DISCUSSION

Under § 2255(f), which establishes a one-year statute of limitations for § 2255 motions, the "limitation period shall run from the latest of" the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f)(1)–(4). The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Thomas v. Attorney Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). However, "[e]quitable tolling is an extraordinary remedy and is applied sparingly." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (citation omitted).

Applying the foregoing principles, the Magistrate Judge finds that § 2255(f)(1) governs Mr. Ballard's motion. There is no dispute that Mr. Ballard's conviction and sentence became final on March 14, 2012, for purposes of § 2255(f)(1). Under subsection (f)(1), Mr. Ballard had until March 14, 2013, to file a § 2255 motion. Because Mr. Ballard did not file his § 2255 motion until October 31, 2017, more than four years after the limitation period in had expired, the Magistrate Judge recommends that Mr. Ballard's motion be denied as untimely. The Magistrate Judge also finds that Mr. Ballard's untimely motion does not qualify for equitable tolling.[3] Alternatively, the Magistrate Judge finds that the motion lacks substantive merit.

Mr. Ballard's objections essentially are the same as the arguments he made before the Magistrate Judge. The court carefully has reviewed the Recommendation in light of Mr. Ballard's objections and finds that they are without merit based on the reasons ably articulated by the Magistrate Judge. Three points are illustrated.

First, Mr. Ballard argues that, contrary to the Recommendation's finding, his motion "should be considered timely" because he filed it within one year of Amendment 801's issuance, thus, suggesting that § 2255(f)(4) reset the statute-of-limitations clock. (Doc. # 34, at 3.) The Recommendation, however, cites ample

---

[3] Mr. Ballard does not contest that his § 2255 motion is time-barred if § 2255(f)(1) controls the clock and if equitable tolling does not apply.

authority that persuasively demonstrates that a clarifying amendment, like Amendment 801, is not a "fact" for purposes of § 2255(f)(4). (*See* Doc. # 33, at 7–8 (collecting cases).)  To the extent that Mr. Ballard also argues for application of § 2255(f)(3), that objection likewise lacks merit.  *See Doak v. United States*, No. 611CR273ORL28GJK, 2018 WL 5633997, at *2 (M.D. Fla. Oct. 31, 2018) ("Amendment 801 . . . is an amendment to the United States Sentencing Guidelines, not a right recognized by the Supreme Court of the United States and made retroactive to cases on collateral review.  Consequently, § 2255(f)(3) is not applicable."); (*see also* Doc. # 33, at 8 n.3.)  The Recommendation correctly finds that § 2255(f)(1) governs the statute of limitations for Mr. Ballard's § 2255 motion and that his motion is untimely.

Second, the Magistrate Judge appropriately finds that equitable tolling cannot save Mr. Ballard's untimely motion.  (Doc. # 33, at 8–9.)  If it is assumed that Amendment 801 effectuated a change in law, the Recommendation perceptively pens that "a purported change in law is not an extraordinary circumstance for equitable tolling purposes."  (Doc. # 33, at 9 (citing, among other cases, *Outler v. United States*, 485 F.3d 1273 (11th Cir. 2007).)  Mr. Ballard contends, though, that Amendment 801 presents an extraordinary circumstance justifying equitable tolling because its clarification proves that the five-level enhancement was wrongly applied in his case.  This argument parallels the petitioner's in *Outler*—*i.e.*, that the "change

5

of law demonstrates that long-closed previous litigation was decided against him incorrectly." *Outler*, 485 F.3d at 1281.  Even if Mr. Ballard were correct that the sentencing court erred in applying the five-level enhancement, he has not shown that the purported change in law is "any more extraordinary" than the change of law that the *Outler* court deemed insufficient to equitably toll § 2255(f)'s limitation period. *Id.* at 1282.

Moreover, as to equitable tolling's element of due diligence, Mr. Ballard does not dispute that the three issues he raised on appeal did not encompass a challenge to the five-level enhancement under § 2G2.2(b)(3)(B).  Rather, he points out that, in his appellate brief, he noted generally the sentencing court's overruling of his objections to the presentence report as part of his argument challenging the reasonableness of his sentence and that he alluded to § 2G2.2(b)(3)(B) when he "suggested" that the guidelines were "draconian" in light of "peer to peer programs" for exchanging child pornography  (Doc. # 34, at 1–2 (citing Doc. # 13-9, at 48, 54 (Ballard's Opening Appellate Br.)).)   Contrary to Mr. Ballard's argument, these references on appeal to the § 2G2.2(b)(3)(B) enhancement show that he did not challenge the five-level enhancement "to the fullest extent," *Outler*, 485 F.3d at 1282, if at all, and render dubious his due diligence in pursuing his claim.  Mr. Ballard has not met his burden of proving that he is entitled to the "extraordinary remedy" of equitable tolling.  *Id.* at 1280.

6

Third, the Recommendation concludes that, even if Mr. Ballard's claim is not barred by the statute of limitations, it fails on the merits. This conclusion is sound. Mr. Ballard fails to show any alleged error that amounts to a "complete miscarriage of justice." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998). The sentencing record belies Mr. Ballard's arguments that the § 2G2.2(b)(3)(B) enhancement was wrongly applied based solely on his file-sharing software's default setting that automatically saves downloaded images into a shared folder or based on evidence short of proof that Mr. Ballard distributed child pornography for the specific purpose of receiving child pornography in return. *See Ballard*, 3:09cr149 (Sentencing Tr., at 9–14 (Doc. # 155).) Furthermore, this court confirms what the Recommendation hinted, namely, that the sentencing court would have applied the § 2G2.2(b)(3)(B) enhancement even if Amendment 801 had been in effect on the date of Mr. Ballard's sentencing. (Doc. # 33, at 10.)

In sum, the Recommendation properly rejects Mr. Ballard's § 2255 motion as untimely and on the merits. Mr. Ballard's objections, therefore, are due to be overruled.

## III. CONCLUSION

Mr. Ballard's § 2255 motion is time-barred under § 2255(f)(1) and is not saved by equitable tolling. Alternatively, Mr. Ballard's § 2255 motion fails on the merits. Accordingly, it is ORDERED as follows:

(1)      Mr. Ballard's objections (Doc. # 34) are OVERRULED;

(2)      The Recommendation (Doc. # 33) is ADOPTED;

(3)      Mr. Ballard's § 2255 motion (Doc. # 1) is DENIED; and

(4)      This action is DISMISSED with prejudice.

It is further ORDERED that a certificate of appealability is DENIED. Reasonable jurists would not debate that Mr. Ballard's § 2255 motion was time-barred under § 2255(f)(1) or whether Mr. Ballard was entitled to equitable tolling of § 2255(f)(1)'s limitations period. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists also would not debate whether on the merits "the petition should have been resolved in a different manner." *Slack*, 529 U.S. 473 at 484 (citation and internal quotation marks omitted).

Final judgment will be entered separately.

DONE this 15th day of March, 2021.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE